John Bell, Respondent, *v.* Workmen's Circle of America, Appellant.

Hill, P. J., Bliss and Heffernan, JJ., concur; McNamee, J., dissents, with an opinion, in which Crapser, J., concurs.

McNamee, J. (dissenting). The collision in question occurred in broad daylight, on the private driveway of the defendant at the entrance thereto from a public highway. The entrance was marked by two light colored brick pillars, about twenty-eight inches square and between seven and eight feet high, A part of the construction of the pillars were two iron eye-bolts inserted in the pillars about three and one-half or four feet from the ground, for the purpose of attaching a chain to close the entrance. On the day in question the entrance was closed by stretching a heavy chain of large links from pillar to pillar. These pillars were about thirty-five feet from the macadam portion of the highway. The line of the highway over which plaintiff had traveled formed an obtuse angle with the line of the driveway, apparently about 135 degrees. The entrance, pillars and chain were evident a substantial distance from the entrance, apparently 150 feet or more (defendant's Exhibits A and F; plaintiff's Exhibits 11 and 9).

There is nothing whatever in the exhibits or other evidence to suggest a " trap." There is some evidence that a lantern was hung on the chain at night; but there is nothing to suggest the necessity for such a precaution, or any precaution, in the day time. The size and color of the chain, and its attachment to the conspicuous pillars were wholly unobstructed, and were evident at the merest glance, to any one entering this private driveway at a reasonable speed and with reasonable precaution. The plaintiff admitted that he was driving " around fifteen, twenty miles an hour," as he was driving into this private entrance; and that he did not see the chain closing the entrance until he got " pretty near to it," about fifteen feet from it; that he applied his brakes immediately, and was unable to stop the car before coming into contact with the chain; that he " slid into the chain " and did so " with force," so that he was thrown forward with such momentum that when,

as he says, " I came back I hit my back against the handle of the door and hit my spine on the bottom of the seat," resulting in injuries for which he has been allowed by the jury $7,500.

The defendant owner had a right to close the entrance to its property, and owed no particular or special duty to the plaintiff to give notice that it wished to do so or had done so. It cannot be said that the owner has set a trap for an invitee merely by closing an entrance thereto, in the day time, especially when a visible and common form of gate, bar or chain is used. The defendant was free to make any proper use of its property, or to use the ordinary means to exclude others therefrom. It is evident from the plaintiff's own testimony that he was guilty of negligence. He turned from a public highway into a private driveway at a rate of speed which prevented him from stopping his car before an obstruction that was perfectly evident to an attentive driver long before it was necessary to make the turn. The plaintiff admits he was driving fifteen to twenty miles an hour into the entrance, although the results of the accident as described by him would indicate a far greater speed. Although he locked his wheels, and " slid," still he was unable to stop, as he testifies, in fifteen feet. It seems to the minority that no negligence was proved against the defendant, and that the plaintiff was clearly negligent.

The order and judgment should be reversed, and the complaint dismissed.

Crapser, J., concurs.